UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
GREGORY O. DAVIS, et al.,       )
                               )
          Plaintiffs,           )
                               )
     v.                         )     Civil Action No. 08-447 (RWR)
                               )
TIMOTHY F. GEITHNER, et al.,    )
                               )
          Defendants.           )
_____)
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs, seventeen[1] black police officers at the Bureau of Engraving and Printing ("BEP") bring this employment action against the Secretary of the United States Department of Treasury ("DOT") and the plaintiffs' supervisors, Christopher Cooch and David Lindsey, alleging multiple acts of racial discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.[2] The defendants have moved to dismiss claims in the amended complaint for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. The request to dismiss the claim in ¶ 54 of the amended complaint will be largely granted as conceded. Because

---

[1] Two of the original nineteen plaintiffs, Cedric Smith and Nathaniel Taylor, have passed away. Mem. of P. & A. in Supp. of Pls.' Opp'n to Defs.' Mot. to Dismiss at 4 & n.4.

[2] Plaintiffs also assert claims under 42 U.S.C. § 1981 which they now agree do not state a cause of action. Those claims, as both sides request, will be dismissed.

- 2 -

Title VII claims cannot be brought by federal employees against individual defendants, the request to dismiss Cooch and Lindsey will be granted.  The defendants' request to dismiss certain Title VII claims for plaintiffs' failure to exhaust their administrative remedies, treated as a motion for summary judgment, will be granted because there is no genuine dispute about material facts and the defendants are entitled to judgment as a matter of law.  Because the defendants do not point to undisputed facts that show that claim preclusion bars the plaintiffs' claims regarding plaintiff Aileen Joy's termination, the defendants' request to dismiss those claims, treated as a motion for summary judgment, will be denied.

<u>BACKGROUND</u>

On March 14, 2008, the plaintiffs filed the original complaint in this action.  They later filed an amended complaint against the Treasury Secretary, Cooch, and Lindsey alleging that the defendants had discriminated against the plaintiffs because of their race and color.  At the relevant times, Cooch was "the head of the Police Operations Division, and the Police Commander of the Plaintiffs[.]"  Am. Compl. ¶ 6.  Lindsey was "the Police Chief."  <u>Id.</u> ¶ 7.  The plaintiffs were police officers at the BEP located in Southwest, Washington, D.C.  <u>Id.</u> ¶ 8.

The plaintiffs claim that the defendants have created a hostile work environment and retaliated against them from 2002 to

the present.  Id. ¶ 9.  The plaintiffs contend that they are
being retaliated against for filing "EEOC complaints, grievances,
and unfair labor practices complaints against the DOT," id. ¶ 11,
and make a variety of factual allegations to support their
claims.  For example, the plaintiffs allege that the defendants
discriminated and retaliated against plaintiff Gregory Davis by
refusing to promote him to vacant positions to which he applied.
See, e.g., id. ¶¶ 42, 64, 69-70, 72.  The defendants also
allegedly discriminated against Davis by refusing to pay him
earned overtime pay, id. ¶¶ 59, 61, 67, and denying him other
employment opportunities, id. ¶ 57.  The plaintiffs also assert
that Cooch specifically retaliated against the plaintiffs in a
number of ways including attempting to terminate Kenneth Dickens,
Aileen Joy, Kerri Williams, and Ricky Russell, id. ¶¶ 26, 28-29,
suspending Dickens, id. ¶ 44, and denying the plaintiffs
reimbursement for liability insurance that they were entitled to
receive, id. ¶ 47.

    The plaintiffs allege that the defendants further
discriminated against them by excluding them from "early-out
retirement" for which they are eligible.  Id. ¶ 53.  The
plaintiffs state generally that they have exhausted their
administrative remedies, id. ¶ 2, but specifically note that
Davis filed an EEOC complaint regarding his claim that he was
owed eight hours of administrative leave, id. ¶ 55, and Davis

- 4 -

raised his claim that he was denied overtime pay in October 2004
in an EEOC proceeding, id. ¶ 61.

The amended complaint charges that the defendants violated
Title VII by creating a hostile work environment (First and Third
counts) and retaliating against the plaintiffs (Second and Fourth
counts).

The defendants have moved for partial dismissal under
Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on several
grounds.  First, the defendants argue that a number of the
plaintiffs' claims should be dismissed because the plaintiffs
failed to timely exhaust administrative remedies.  Mem. of P. &
A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 1.
Second, the defendants contend that a number of the plaintiffs'
claims are barred by claim preclusion because they were
previously litigated and decided through a collective bargaining
process.  Id. at 1-2.  Third, the defendants move to dismiss the
matter against the individually named defendants arguing that
they are not proper defendants under Title VII.  Id. at 2.

The plaintiffs oppose, arguing that they timely exhausted
their administrative remedies for the claims in their amended
complaint by either filing claims with an equal employment
opportunity ("EEO") counselor or "Grievances with Management as
required by the [terms] of their employment."  Mem. of P. & A. in
Supp. of Pls.' Opp'n to Defs.' Mot. to Dismiss ("Pls.' Mem.") at

3; <u>see also</u> <u>id.</u> at 7-8.  The plaintiffs further argue that some

of their factual claims are pled to support their hostile work

environment claim.  <u>Id.</u> at 8-9.  With respect to the claims that

the defendants assert are barred by claim preclusion, the

plaintiffs urge that they seek not to relitigate the claims but

to use the factual assertions to support their hostile work

environment claim.  <u>Id.</u> at 10.  The plaintiffs contend that the

individual defendants are properly named because the defendants

are not entitled to qualified immunity in this case.  <u>Id.</u> at 11.

<u>DISCUSSION</u>

A district court can dismiss a complaint under Rule 12(b)(6)

when the defendant shows that the plaintiff "fail[s] to state a

claim upon which relief can be granted[.]"  Fed. R. Civ. P.

12(b)(6).  "A Rule 12(b)(6) motion tests the legal sufficiency of

a complaint[.]"  <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C.

Cir. 2002).

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as true, to
> "state a claim to relief that is plausible on its
> face."  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court
> to draw the reasonable inference that the defendant is
> liable for the misconduct alleged.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted)

(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556, 570

(2007)).  "[A] complaint attacked by a Rule 12(b)(6) motion to

- 6 -

dismiss does not need detailed factual allegations[.]" <u>Twombly</u>,
550 U.S. at 555.  However, "[w]here a complaint pleads facts that
are 'merely consistent with' a defendant's liability, it 'stops
short of the line between possibility and plausibility of
entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting
<u>Twombly</u>, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, a court construes
the complaint in the light most favorable to the plaintiff and
"assume[s] the truth of all well-pleaded allegations." <u>Warren v.
District of Columbia</u>, 353 F.3d 36, 39 (D.C. Cir. 2004).  A court
may consider "only the facts alleged in the complaint, any
documents either attached to or incorporated in the complaint and
matters of which [it] may take judicial notice." <u>EEOC v. St.
Francis Xavier Parochial Sch.</u>, 117 F.3d 621, 624 (D.C. Cir.
1997).

"When 'matters outside the pleadings are presented to and
not excluded by the court' on a motion to dismiss under Rule
12(b)(6), 'the motion must be treated as one for summary
judgment[.]'" <u>Highland Renovation Corp. v. Hanover Ins. Grp.</u>,
620 F. Supp. 2d 79, 82 (D.D.C. 2009) (quoting Fed. R. Civ. P.
12(d)).  Since both the plaintiffs and the defendants rely on
materials outside the pleadings, <u>see</u> Defs.' Mem., Decl. of
Frederick Whittington ("Whittington Decl."); <u>id.</u>, <u>Fraternal Order
of Police/BEP Labor Comm. v. BEP</u> (2005) (Strongin, Arb.); Pls.'

- 7 -

Mem., Affid.[3] of Gregory O. Davis, Sr. ("Davis Affid."), the motion to dismiss will be treated as a motion for summary judgment on the issues of exhaustion of administrative remedies and claim preclusion.

Summary judgment may be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009). There is a genuine dispute if "a reasonable jury could return a verdict for the nonmoving party" based on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law[.]" Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Anderson, 477 U.S. at 248). The moving party has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The moving party is then entitled to summary judgment "against a party who fails to make a showing sufficient to establish the

_____

[3] Davis's "affidavit" is actually a declaration. See 28 U.S.C. § 1746.

- 8 -

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. "In considering a motion for summary judgment, [the court should draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant." Cruz-Packer v. District of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson, 477 U.S. at 255).

I.   FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The defendants assert that certain claims in the complaint should be dismissed for lack of subject matter jurisdiction because the plaintiffs failed to timely exhaust their administrative remedies.  Defs.' Mem. at 3.  "Title VII '[c]omplainants must timely exhaust the[ir] administrative remedies before bringing their claims to court.'"  Payne v. Salazar, 619 F.3d 56, 65 (D.C. Cir. 2010) (alterations in original) (quoting Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997)).  However, Title VII's "time-filing requirements are not jurisdictional prerequisites to suit[.]" Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985); accord Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  If a plaintiff does not timely exhaust her administrative remedies prior to filing a Title VII action, her claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Noisette v.

Geithner, 693 F. Supp. 2d 60, 65 (D.D.C. 2010).  The defendants bear the burden of proving that the plaintiffs failed to exhaust their remedies because exhaustion of administrative remedies is an affirmative defense.  Bowden, 106 F.3d at 437.

Title VII requires that any personnel action affecting government employees "be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).  If a federal employee believes that she has been discriminated against in violation of Title VII, she must first consult an EEO counselor "to try to informally resolve the matter."  29 C.F.R. § 1614.105(a).  The employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  Id.  The 45-day period begins to run when the employee "knew, or should have known, about the alleged discriminatory action[.]"  Stewart v. Ashcroft, 352 F.3d 422, 425 (D.C. Cir. 2003).  If the informal counseling does not resolve the situation, the aggrieved person may file a formal administrative discrimination complaint.  29 C.F.R. §§ 1614.105(b)-(d), 1615.106.  Finally, the employee may file a civil action in federal court:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

- 10 -

(c) Within 90 days of receipt of the [EEOC's] final
decision on an appeal; or
(d) After 180 days from the date of filing an appeal
with the [EEOC] if there has been no final decision by
the [EEOC].

29 C.F.R. § 1614.407.

    A.    <u>Davis</u>

    The defendants argue that Davis never "contested . . . via
grievance or complaint" any non-selections identified in
paragraphs 42, 64, 69, or 72 of the amended complaint.  Defs.'
Mem. at 8.  That appears to be an overstatement.  The defendants'
own declarant, Frederick Whittington, the Chief of the Office of
Equal Opportunity and Diversity at the BEP, confirms that Davis
filed a formal complaint that involved three non-selections --
for vacancy announcements 2003-007-AJC, 2004-004-LJH, and 2005-
043-RYM -- identified in paragraphs 42, 64, and 69 of the amended
complaint.  Whittington Decl. ¶ 11.  Davis, too, confirms that he
filed a grievance regarding his non-selection for vacancy
announcement 2003-007-AJC.  Davis Affid. ¶ 7.[4]  But, the
defendants contend more specifically that Davis never initiated
contact with an EEO counselor when he was not promoted to vacant
Sergeant positions five times from 1998 to 2006 involving vacancy
announcements 98-0131-YDC, 2001-136-FCM, 2002-075-AJC, 2004-055-
LJH, and 2006-14-RYM, Defs.' Mem. at 8; <u>see</u> Am. Compl. ¶¶ 64, 72,

---

[4] Davis also disputes that his non-selection involving vacancy
announcement 2005-043-RYM was unexhausted, maintaining that he
filed a grievance over the decision.  Davis Affid. ¶ 1.

- 11 -

or when Davis allegedly was denied an instructor opportunity and
certain overtime and night differential payments, Defs.' Mem. at
8-9; Am. Compl. ¶¶ 57, 59, 61, 67.  Davis responds that he did
file grievances regarding his non-selection for vacancy
announcement 2002-075-AJC, and the decisions denying him the
instructor opportunity, overtime pay, and night differential pay.
Davis Affid. ¶¶ 2-4, 6.  With those material facts in dispute,
summary judgment on the claims involving those disputed facts is
inappropriate.  However, the plaintiffs do not factually rebut
that Davis's non-selections for vacancy announcements 98-0131-
YDC, 2001-136-FCM, 2004-055-LJH, and 2006-14-RYM are unexhausted,
and judgment will be entered for the defendants regarding those
decisions.

   B.   Less qualified selectees

    The amended complaint alleges that the plaintiffs were not
selected for vacancies that were filled with less-qualified
candidates in retaliation for the plaintiffs' prior protected EEO
activity.  Am. Compl. ¶ 54.  The defendants argue that this claim
should be dismissed, asserting that the "[p]laintiffs do not
appear to have contested these non-selections and/or promotions,"
and noting that the amended complaint sets forth no facts
"tending to show that [the plaintiffs] have complied with the EEO
guidelines."  Defs.' Mem. at 7, 9.  The plaintiffs do not respond
to the defendants' arguments and factual assertions regarding

- 12 -

this claim beyond Davis's non-selections treated above.  Pls.'
Mem. at 8.  To that extent, the defendants' arguments and factual
assertions will be deemed undisputed.  <u>See</u> Fed. R. Civ. P.
56(e)(2) (allowing court to consider as undisputed a movant's
factual assertion that the opponent fails to address); <u>Iweala v.
Operational Techs. Servs., Inc.</u>, 634 F. Supp. 2d 73, 80-81
(D.D.C. 2009) (deeming conceded the defendant's exhaustion
argument in its motion where the plaintiff failed to respond to
it in her opposition).  Insofar as this claim reaches beyond
Davis's non-selection for vacancy announcement 2002-075-AJC, it
will be dismissed.

    C.   <u>Reimbursements, early retirement</u>

    The defendants claim that the plaintiffs did not pursue
their administrative remedies before bringing their claim that
they were retaliatorily denied reimbursement for liability
insurance and that they were discriminatorily excluded from
early-out retirement.  Defs.' Mem. at 9; Whittington Decl. ¶¶ 12-
13; <u>see</u> Am. Compl. ¶¶ 47, 53.  The plaintiffs counter that they
did contest these denials.[5]  Pls.' Mem. at 8.  Summary judgment
on this claim will be denied given the disputed material facts.

---

[5] That gives plaintiffs the benefit of the doubt springing from
frequent imprecision and vexingly loose factual organization in
their filings.

- 13 -

D.   <u>Dickens</u>

The defendants assert that Dickens's claim stemming from a 2006 proposed suspension that was allegedly retaliatory is untimely since a final agency decision on the claim was issued on October 23, 2007, more than 90 days before he filed this action. Defs.' Mem. at 9; Whittington Decl. ¶¶ 6-7; <u>see</u> Am. Compl. ¶ 44.

The plaintiffs do not argue that this claim is asserted as a timely exhausted discrete act of discrimination; instead, they claim that it is offered as part of their hostile work environment claim.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). In distinguishing claims that are discrete acts from those that are part of a hostile work environment claim, the D.C. Circuit has noted that claims are:

> "part of the same actionable hostile environment claim" only if they are adequately linked into a coherent hostile environment claim -- if, for example, they "involve[] the same type of employment actions, occur[] relatively frequently, and [are] perpetrated by the same managers." <u>Morgan</u>, 536 U.S. at 120-21; <u>see also id.</u> at 118 (excluding any incident that "had no relation to the [other] acts . . . or for some other reason, such as certain intervening action by the employer, was no longer part of the same hostile environment claim"); <u>Wilkie v. Dep't of Health & Human Servs.</u>, 638 F.3d 944, 951 (8th Cir. 2011) ("[A]cts before and after the limitations period [that are] *so similar in nature, frequency, and severity* . . . must

- 14 -

be considered to be part and parcel of the hostile work
environment . . . ." (alterations and emphasis in
original)); <u>Wheaton v. N. Oakland Med. Ctr.</u>, 130
Fed.Appx. 773, 787 (6th Cir. 2005) (<u>Morgan</u> requires
inquiry into whether incidents "occurring outside the
statutory period are *sufficiently related* to those
incidents occurring within the statutory period as to
form one continuous hostile work environment."
(emphasis in original)).

<u>Baird v. Gotbaum</u>, 662 F.3d 1246, 1251 (D.C. Cir. 2011).

Whether plaintiffs will succeed in proving a hostile work
environment claim should await the close of discovery.  However,
given the plaintiffs' concession that Dickens's proposed
suspension is not pled as an actionable discrete act, the
defendants' motion as to this event is moot.

II.  CLAIM PRECLUSION

The defendants contend that claim preclusion bars any claim
based upon plaintiff Aileen Joy's termination.[6]  Defs.' Mem. at
12; Defs.' Reply at 3; <u>see</u> Am. Compl. ¶¶ 26, 28.  The defendants
provide evidence that challenges to Joy's termination were
already decided by an arbitrator under the negotiated grievance
procedure outlined in the Collective Bargaining Agreement between

---

[6] The defendants also argue that claim preclusion bars Dickens's
claim regarding his 2005 proposed termination because it was
resolved by a settlement agreement.  Defs.' Mem. at 12; <u>see</u> Am.
Compl. ¶¶ 26, 31.  The plaintiffs do not oppose dismissing this
settled claim, Pls.' Mem. at 5, and it will be dismissed.  In
addition, the defendants speak of claims by "plaintiffs" Kerri
Williams and Ricky Russell, Defs.' Mem. at 12, 13, but Williams
and Russell are not plaintiffs.  <u>See</u> Pls.' Mem. at 10 nn. 5-6.

the BEP and the Fraternal Order of Police District of Columbia Lodge No. 1, the plaintiffs' union.[7]

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).  Claim preclusion bars subsequent lawsuits "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."  Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 323-24 (1971)).  "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'"  Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)).

The plaintiffs explicitly concede the first two factors, stating that the claims at issue "have been previously litigated or decided through the collective bargaining process" and admit that this allegation "involve[s] the same nucleus of facts and

---

[7] The defendants submit the arbitration decision regarding Aileen Joy.  Defs.' Mem., Ex. B.  Because the decision does not appear to be on the public record and is not excluded, the defendants' motion to dismiss the plaintiffs' claims regarding Joy's termination will be treated as a motion for summary judgment.

- 16 -

same parties as stated in prior complaints or grievance[s]."
Pls.' Mem. at 10.  However, the defendants do not identify
undisputed facts that show that the third and fourth claim
preclusion factors are met.  Moreover, the plaintiffs maintain
that Joy's termination is alleged as one in a series of incidents
comprising a hostile work environment claim.  Because the
defendants do not demonstrate that claim preclusion bars
plaintiffs' claims regarding Joy's termination as a matter of
law, and summary judgment on the hostile work environment claim
should await the close of discovery, summary judgment will not be
granted.

III. INDIVIDUALLY NAMED DEFENDANTS

The defendants move to dismiss Cooch and Lindsey as
improperly named defendants in this Title VII action.  In a Title
VII action, "the head of the department, agency, or unit, as
appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c);
see also Jarrell, 753 F.2d at 1091 ("[T]he head of the agency is
the only proper defendant in a Title VII action[.]").  The
amended complaint properly names the Treasury Secretary as a
defendant.  The plaintiffs do not dispute that Cooch and Lindsey
were not department, agency, or unit heads, but instead make the
non-responsive argument that Cooch and Lindsey must remain as
defendants because they are not entitled to qualified immunity
from suit.  Pls.' Mem. at 11.  Qualified immunity for an

- 17 -

individual defendant plays no role in an action under a statute that, unlike 42 U.S.C. § 1983, establishes no potential liability at all for any individual defendant.  Because Title VII does not provide a civil cause of action against the individually named defendants, the claims against Cooch and Lindsey will be dismissed.  See Rowland v. Walker, 245 F. Supp. 2d 136, 140 (D.D.C. 2003); Wilkins v. Daley, 49 F. Supp. 2d 1, 3 (D.D.C. 1999).

CONCLUSION AND ORDER

The plaintiffs have shown a genuine dispute of material fact regarding some but not all allegedly unexhausted complaints, and have conceded the arguments for dismissing the claims in ¶ 54 of the amended complaint that reach beyond one of Davis's non-selections.  The defendants have not shown that they are entitled to judgment as a matter of law regarding claims about Joy's termination, and their challenge to Dickens's 2006 proposed suspension is moot.  The individual defendants are not proper party defendants for Title VII claims brought by federal employees.  Accordingly, it is hereby

ORDERED that the defendants' motion [31] for partial dismissal, treated in part as a motion for summary judgment, be, and hereby is, GRANTED IN PART and DENIED IN PART.  Summary judgment is entered for the Secretary on claims of discriminatory non-selection of Davis on vacancy announcements 98-0131-YDC,

- 18 -

2001-136-FCM, 2004-055-LJH, and 2006-14-RYM.  Summary judgment is denied on Davis's claims of discriminatory non-selection for vacancy announcement 2002-075-AJC, denial of an instructor opportunity, and denial of overtime pay and night differential pay; plaintiffs' claims of denied insurance premium reimbursements, and denied early retirements; and Joy's claims regarding her termination.  Plaintiffs' claims in paragraph 54 of the Amended Complaint beyond Davis's claim of non-selection for vacancy announcement 2002-075-AJC, and Dickens's claim regarding his 2005 proposed termination are dismissed.  Defendants' motion regarding Dickens's 2006 proposed suspension is denied as moot. Christopher Cooch and David Lindsey are dismissed as party defendants.  Claims under 42 U.S.C. § 1981 are dismissed.

SIGNED this 28th day of January, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge