UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY DAVIS et al._____ )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STEVEN T. MNUCHIN,[1] in his official )<br>capacity as Secretary of Treasury )<br>)<br>Defendant. )<br>_____) | Case No. 08-cv-00447 (KBJ/GMH) |

## ORDER

This matter has been referred to the undersigned for full case management. Six weeks prior to the close of discovery,[2] and over nine years after this case was filed, Defendant has moved to: (1) "sever [Plaintiffs] Davis and Joy as improperly joined *pro se* parties"; (2) require Plaintiffs Davis and Joy to specify which claims in the First Amended Complaint relate to them or, in the alternative, strike or dismiss "claims that may not relate to [Plaintffs] as well as claims where [Plaintiffs] have failed to exhaust their administrative remedies"; and (3) stay fact discovery. *See* Motion [Dkt. 103] at 1–2. Defendant's omnibus motion became ripe for adjudication on April 26, 2017. The undersigned held a hearing on the motion on April 28, 2017, and issued a ruling from the bench denying Defendant's requested relief at this time. That ruling is memorialized below.

Defendant first seeks to sever Plaintiffs Davis and Joy under Rule 21 of the Federal Rules of Civil Procedure because "they allege a variety of claims that do not arise out of the same occurrences and are not governed by common questions of fact or law." *See id.* at 4–8. Under Rule 21,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Steven T. Mnuchin replaces former Secretary Jacob J. Lew as the party-defendant in this case.

[2] Discovery in this matter ends on May 26, 2016. *See* April 28, 2017 Minute Order.

which governs the misjoinder and nonjoinder of parties, "the Court may sever any party if 'they are not indispensable and if there would be no prejudice to the parties.'" *Smith v. Hendricks*, 140 F. Supp. 3d 66, 76 (D.D.C. 2015) (quoting *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011)); *see also* Fed. R. Civ. P. 21. Even without a finding of improper joinder, Rule 21 provides the Court with the discretion to sever any claim where other sufficient reasons for ordering severance exist, including the risk of delay. *See Hispanic Affairs Project v. Perez*, 206 F. Supp. 3d 348, 373 (D.D.C. 2016). For the reasons stated on the record, the undersigned finds that, at this juncture, severance is not appropriate. If anything, given the current status of the case, with discovery scheduled to end in a few weeks and dispositive motions to follow shortly thereafter, severing the case now would be more likely to cause a delay than allowing Plaintiffs, one of whom is appearing *pro se*, to proceed through the close of discovery together. Accordingly, the undersigned finds that Defendant's motion to sever should be denied without prejudice to renew prior to trial and following adjudication of dispositive motions.

Defendant next argues that the Court should order Plaintiffs to provide a more definite statement of their claims or, alternatively, strike or dismiss certain irrelevant or improperly-raised claims. *See* Motion [Dkt. 103] at 8–14. According to Defendant, Plaintiffs have failed to adequately explain which allegations in the First Amended Complaint are relevant to their claims and should be required to do so now pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. *See* Motion [Dkt. 1-3] at 8–10. Defendant alternatively requests that the undersigned strike or dismiss certain claims—including specifically their claims brought under the Age Discrimination in Employment Act, the Rehabilitation Act, and the Equal Pay Act—pursuant to Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure. *See* Motion [Dkt. 103] at 10–14. Defendant con-

tends that, among other things, Plaintiffs have failed to provide sufficient evidence or factual allegations to support these claims or that Plaintiffs have exhausted their administrative remedies prior to raising them here.

For the reasons stated on the record, the undersigned finds that Defendant's motion seeking clarification of Plaintiffs' claims should be denied. Defendant's request comes years too late. A motion to dismiss was already adjudicated four years ago with mixed success for Defendant. *See* Memorandum Opinion and Order [Dkt. 36]. Thereafter, Defendant answered the same complaint that he now claims is unclear. *See* Answer [Dkt. 38]. Defendant's motion for a more definite statement under Rule 12(e) is thus untimely, as the Rule requires that a party move for such relief before responding to the opposing party's pleading. *See* Fed. R. Civ. P. 12(e).[3] Regardless, the issues Defendant raises concerning the specificity of Plaintiffs' claims can be resolved during the remaining period of discovery—that is, if Defendant is confused as to what Plaintiffs' claims are, he can inquire as to those claims during Plaintiffs' depositions later this month. Similarly, Defendant's arguments regarding the sufficiency of the evidence and factual allegations in support of Plaintiffs' claims are better addressed in dispositive motions to be filed following the completion of discovery later this month. *See* April 28, 2017 Minute Order.

Finally, the Court finds that Defendant's motion to stay discovery in this matter, *see* Motion [Dkt. 103] at 14–15, should be denied as moot. The undersigned has extended discovery to May 26, 2017, *see* April 28, 2017 Minute Order, and counsel for Defendant conceded the mootness of his specific request to stay discovery at the April 28, 2017 hearing.

---

[3] Indeed, Defendant has had the further benefit of Plaintiffs' Notice of Clarification, filed in November 2013 at the direction of the Court. *See* Notice of Clarification [Dkt. 51]. In the over three years that have elapsed since the filing of that document, Defendant has not sought further relief from the Court concerning the sufficiency of Plaintiffs' claims until now, on the eve of the close of fact discovery.

3

Accordingly, based on the foregoing and for the reasons stated on the record at the April 28, 2017 hearing, it is hereby

**ORDERED** that Defendant's motion to sever [Dkt. 103] is **DENIED** without prejudice to renew prior to trial. It is further

**ORDERED** that Defendant's motion for a more definite statement [Dkt. 103] is **DENIED**. It is further

**ORDERED** that Defendant's motion to dismiss certain claims raised in Plaintiffs' First Amended Complaint [Dkt.103], is **HELD IN ABEYANCE** pending further briefing of the issues it raises when dispositive motions are filed following the close of discovery. It is further

**ORDERED** that Defendant's motion to stay discovery [Dkt. 103] is **DENIED** as moot.

**SO ORDERED.**

Date: May 4, 2017

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE