# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY O. DAVIS, SR., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08-cv-447 (KBJ) |
| JANET LOUISE YELLEN, *in her official capacity as Secretary of the Treasury*, | ) ) ) ) ) | |
| Defendant.[1] | ) ) | |

## MEMORANDUM OPINION ADOPTING
## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Gregory O. Davis, Sr. and pro se Plaintiff Aileen Joy brought the instant employment discrimination action against the Secretary of the Treasury. The agency moved for summary judgment (*see* ECF Nos. 127, 128), and Magistrate Judge G. Michael Harvey has filed a Report and Recommendation reflecting his opinion that the agency's summary judgment motions should be granted (*see* ECF No. 164). For the reasons explained below, Magistrate Judge Harvey's Report and Recommendation will be **ADOPTED** in its entirety, and the agency's motions for summary judgment will be **GRANTED**.

I.

Davis and Joy worked as police officers at the Washington, D.C. facility of the Bureau of Engraving and Printing ("BEP"), an agency within the United States

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Janet Louise Yellen, who currently serves as the Secretary of the Treasury, will be substituted for the prior Secretary, Steven Terner Mnuchin.

Department of the Treasury that manufactures paper currency and other securities. (*See* 1st Am. Compl. ("Am Compl."), ECF No. 25, ¶ 4; Def.'s Statement of Undisputed Material Facts, ECF No. 127-1, ¶ 1.) In 2008, Davis, Joy, and seventeen other BEP police officers, all of whom are African-American, filed the instant lawsuit against the Secretary of the Treasury, alleging that various BEP officials discriminated against them on the basis of their race, and retaliated against them for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*See* Compl., ECF No. 1, ¶¶ 1, 164–80; *see also* Am. Compl. ¶¶ 1, 80–96.)[2] Over the ensuing years, the seventeen plaintiffs besides Davis and Joy were dismissed from this action for various reasons—some for failure to prosecute (*see* Order Vacating Discovery Deadline, ECF No. 57), and others after reaching a settlement agreement with the BEP (*see, e.g.*, Stipulations of Dismissal, ECF Nos. 105–112, 118). Thus, the only claims remaining at issue are Davis's and Joy's claims for race-based disparate treatment and a hostile work environment (*see* Am. Compl. ¶¶ 80–84 (First Cause of Action), 88–93 (Third Cause of Action)), and also their claims for retaliation and a retaliatory hostile work environment (*see id.* ¶¶ 85–87 (Second Cause of Action), 94–96 (Fourth Cause of Action)).

In particular, Davis alleges that the BEP discriminated against him because of his race, and retaliated against him for filing complaints of discrimination on behalf of himself and other members of his collective bargaining unit, when the agency did not

---

[2] Plaintiffs also named several individual BEP officials as defendants (*see* Am. Compl. ¶¶ 6–7), but in January of 2013, Judge Richard Roberts dismissed the claims against those defendants because "Title VII does not provide a civil cause of action against . . . individually named defendants[,]" *Davis v. Geithner*, 919 F. Supp. 2d 8, 16 (D.D.C. 2013). Although the remaining named defendant in this case is the Secretary of the Treasury, this Memorandum Opinion will refer to the defendant as the "BEP" throughout.

select him for promotions on four occasions between 2002 and 2005. (*See id.* ¶¶ 42–43, 64, 69–70, 72–73.)[3] For her part, Joy asserts that the BEP discriminated and retaliated against her when the agency suspended and then terminated her in 2005 for falsifying medical information in connection with a worker's compensation claim (*see id.* ¶¶ 26, 28), although she was later reinstated pursuant to an arbitrator's decision that identified procedural defects in the agency's removal process (*see* Ex. 5 to Def.'s Joy Mot., ECF No. 128-5, at 14–15).[4] The complaint also contains allegations about a hodgepodge of other allegedly discriminatory and retaliatory actions that apparently pertain to both Davis and Joy. For instance, the complaint asserts that the BEP instituted policies that treated officers at the District of Columbia facility less favorably than those at the agency's Texas facility (*see, e.g.*, Am. Compl. ¶¶ 16, 20, 24, 46, 50), which allegedly had a predominantly Caucasian police force (*id.* ¶ 10). Plaintiffs maintain further that Christopher Cooch, the head of the District of Columbia facility's Police Operations Division, sent several emails and made comments that allegedly demonstrated animus against African-Americans. (*See id.* ¶¶ 6, 13; *see also* Ex. 13 to Davis's Opp'n, ECF No. 149-16, at 1; Ex. 14 to Davis's Opp'n, ECF No. 149-17, at 1.)

On October 30, 2015, while discovery was ongoing, this Court referred this matter to a magistrate judge for full case management through the district's random assignment process. (*See* Min. Order of Oct. 30, 2015.) After the case was assigned to Magistrate Judge Harvey (*see* Min. Entry of Nov. 2, 2015), the BEP filed separate

---

[3] Judge Roberts dismissed Davis's claims with respect to several other non-selections on the ground that Davis failed to exhaust his administrative remedies by filing EEO complaints or grievances concerning those non-selections. *See Davis*, 919 F. Supp. 2d at 13–14.

[4] Page-number citations to the documents that the parties and the Court have filed refer to the page numbers that the Court's electronic case filing system automatically assigns.

motions for summary judgment with respect to Davis's and Joy's claims (*see* Def.'s Mem. in Supp. of Mot. for Summ. J. as to Pl. Gregory Davis ("Def.'s Davis Mot."), ECF No. 127-2; Def.'s Mem. in Supp. of Mot. for. Summ. J. as to Pl. Aileen Joy ("Def.'s Joy Mot."), ECF No. 128-2). The BEP contends that Davis failed to exhaust his administrative remedies with respect to his claims regarding his non-selections (*see* Def.'s Davis Mot. at 21), and that Joy did not exhaust her administrative remedies as to her claims about her suspension and termination (*see* Def.'s Joy Mot. at 8). The agency also insists that neither Davis nor Joy has produced sufficient evidence to permit a reasonable jury to find in Plaintiffs' favor on any of their claims. (*See, e.g.*, Def.'s Davis Mot. at 10, 24, 30; Def.'s Joy Mot. at 8, 15.)

Both Davis and Joy have filed oppositions to the BEP's summary judgment motions. (*See* Davis's Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Davis's Opp'n"), ECF No. 149; Joy's Obj. to Def.'s Mot. for Summ. J., ECF No. 150.) Davis, in particular, requests that the Court deny summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, on the ground that the BEP allegedly "fail[ed] to produce complete selection files" for several of the positions for which Davis was not selected. (Decl. of Eden Brown Gaines Pursuant to FRCP 56(d), ECF No. 149-3, ¶ 6; *see also* Davis's Opp'n at 4.)

II.

On November 13, 2018, Magistrate Judge Harvey issued an 86-page Report and Recommendation regarding the BEP's summary judgment motions, which is attached hereto as Appendix A. (*See* Report and Recommendation ("R&R"), ECF No. 164.) The Report reflects Magistrate Judge Harvey's recommendation that Davis's Rule 56(d)

4

motion be denied and that the BEP's summary judgment motions be granted in their entirety. (*Id.* at 2.) To start, Magistrate Judge Harvey finds that Davis's Rule 56(d) motion should be denied under the standard established in *Convertino v. U.S. Department of Justice*, 684 F.3d 93 (D.C. Cir. 2012), because, *inter alia*, Davis "failed to take advantage of [the magistrate judge's] offer to conduct additional discovery" after the BEP supplemented its responses to Davis's document requests and interrogatories concerning his selection files. (R&R at 31.) With respect to Davis's discrimination claims regarding his non-selections, Magistrate Judge Harvey finds that the BEP did not demonstrate that Davis failed to exhaust his administrative remedies (*see id.* at 46); however, Magistrate Judge Harvey concludes that no reasonable jury could return a verdict for Davis on these claims, because Davis "has provided no evidence that the decision [to cancel one of the vacancies] was racially motivated" (*id.* at 56), and Davis presented no evidence that he was "significantly more qualified than the selected candidates" for the other three vacancies (*id.* at 58 (internal quotation marks and citation omitted)).

Magistrate Judge Harvey further finds that Davis's discrimination claims concerning the other allegedly discriminatory policies and incidents cannot withstand summary judgment, both because Davis "has not shown that the officers at the D.C. Facility were similarly situated to those at the Texas Facility" (*id.* at 54), and because Davis "has not shown that he suffered any materially adverse consequences from the alleged discriminatory conduct" other than his non-selections (*id.* at 47). Next, Magistrate Judge Harvey explains that Davis's retaliation claims fail as a matter of law because, among other reasons, "the alleged retaliatory act[s]" either did not constitute a

5

"material adverse consequence" (*id.* at 64), or were "too remote" from Davis's protected activity "for a reasonable jury to infer retaliatory intent" (*id.* at 63). Moreover, Magistrate Judge Harvey concludes that the BEP is entitled to summary judgment on Davis's discriminatory and retaliatory hostile work environment claims, because "the bulk of the conduct at issue is not facially discriminatory" or retaliatory (*id.* at 68), and is neither "sufficiently related" nor "sufficiently pervasive" to "support a coherent, cognizable hostile work environment claim" (*id.* at 68, 72).

Turning to Joy's claims, Magistrate Judge Harvey finds that Joy failed to exhaust her administrative remedies with respect to her claims based on her suspension and termination, since she failed to "raise[] the issue of discrimination and retaliation" in her grievance concerning those actions. (*Id.* at 81.) In any event, Magistrate Judge Harvey concludes that Joy's discrimination and retaliation claims, which are premised on her suspension and removal, fail on the merits, because the BEP "has articulated a non-discriminatory reason for its action," and Joy produced no evidence to show that "this reason [was] pretextual[.]" (*Id.* at 82 (internal quotation marks and citation omitted); *see also id.* at 83 (explaining that "[a]ny retaliation claim based on the termination is also deficient" because there was no "sufficiently close temporal connection" between Joy's complaints and the "first putatively retaliatory conduct" that could "raise an inference of retaliation").) Finally, Magistrate Judge Harvey finds that Joy's claims unrelated to her suspension and termination, as well as her discriminatory and retaliatory hostile work environment claims, are "similar" to Davis's claims, and thus fail "for many of the same reasons" previously discussed (*id.* at 83); indeed,

"material adverse consequence" (*id.* at 64), or were "too remote" from Davis's protected activity "for a reasonable jury to infer retaliatory intent" (*id.* at 63). Moreover, Magistrate Judge Harvey concludes that the BEP is entitled to summary judgment on Davis's discriminatory and retaliatory hostile work environment claims, because "the bulk of the conduct at issue is not facially discriminatory" or retaliatory (*id.* at 68), and is neither "sufficiently related" nor "sufficiently pervasive" to "support a coherent, cognizable hostile work environment claim" (*id.* at 68, 72).

Turning to Joy's claims, Magistrate Judge Harvey finds that Joy failed to exhaust her administrative remedies with respect to her claims based on her suspension and termination, since she failed to "raise[] the issue of discrimination and retaliation" in her grievance concerning those actions. (*Id.* at 81.) In any event, Magistrate Judge Harvey concludes that Joy's discrimination and retaliation claims, which are premised on her suspension and removal, fail on the merits, because the BEP "has articulated a non-discriminatory reason for its action," and Joy produced no evidence to show that "this reason [was] pretextual[.]" (*Id.* at 82 (internal quotation marks and citation omitted); *see also id.* at 83 (explaining that "[a]ny retaliation claim based on the termination is also deficient" because there was no "sufficiently close temporal connection" between Joy's complaints and the "first putatively retaliatory conduct" that could "raise an inference of retaliation").) Finally, Magistrate Judge Harvey finds that Joy's claims unrelated to her suspension and termination, as well as her discriminatory and retaliatory hostile work environment claims, are "similar" to Davis's claims, and thus fail "for many of the same reasons" previously discussed (*id.* at 83); indeed,

Magistrate Judge Harvey observes, Joy "was not even employed at the BEP" at the time that many of the relevant incidents took place (*id.* at 84).

III.

Before this Court at present is Magistrate Judge Harvey's Report and Recommendation and Joy's and Davis's separate objections thereto. (*See* Joy's Objs. to R&R ("Joy's Objs."), ECF No. 166; Davis's Objs. to R&R ("Davis's Objs."), ECF No. 168.) Davis argues that Magistrate Judge Harvey applied a standard that was too "onerous" when rejecting Davis's Rule 56(d) motion (Davis's Objs. at 7), and he asserts that the BEP "did not raise [any] argument or specifically move for summary judgment on [his] retaliation and retaliatory harassment claims" (*id.* at 2). Regardless, Davis maintains, he "has proffered evidence from which a reasonable jury could conclude that the [BEP] subjected Davis to harassment, retaliation[,] and discrimination." (*Id.* at 1–2.)[5] Similarly, Joy appears to contend that the evidence concerning her suspension and termination, as well as the other conduct about which Joy complains, was sufficient to support her discrimination, retaliation, and hostile work environment claims. (*See* Joy's Objs. at 1–3.)

The Court reviews *de novo* those portions of the magistrate judge's findings and recommendations to which the parties have objected. *Brown v. District of Columbia*, 324 F. Supp. 3d 154, 159 (D.D.C. 2018); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C.

---

[5] In conjunction with its response to Davis's objections, the BEP submitted additional declarations to support its assertion that Davis failed to exhaust his administrative remedies with respect to his non-selection claims. (*See* Decl. of Marla Gissentanna, ECF No. 175-1, at 1–2; Decl. of Willie Tucker, ECF No. 175-1, at 3–4.) Davis suggests that this Court should not consider this additional evidence—or review Magistrate Judge Harvey's exhaustion determination at all—because the BEP failed to file its own objection to this portion of the Report and Recommendation. (*See* Davis's Reply in Obj. to R&R, ECF No. 179, at 5.) This Court need not address the BEP's new submissions or Davis's challenge to their use, as the Court agrees with Magistrate Judge Harvey's conclusion that the BEP is entitled to summary judgment with respect to these claims even if Davis adequately presented them to the agency.

7

§ 636(b). After carefully reviewing the Report and Recommendation, the parties' submissions, and the record evidence, this Court agrees with Magistrate Judge Harvey's careful and thorough analysis and conclusions, and overrules Davis's and Joy's objections thereto. The gravamen of Davis's and Joy's objections to the Report and Recommendation is that Magistrate Judge Harvey improperly "assume[d] the role of the jury" by "weigh[ing] the evidence" and "dr[awing] inferences against" the Plaintiffs and in favor of the BEP. (Davis's Objs. at 1; *see also* Joy's Objs. at 3.) But it is clear beyond cavil that summary judgment is warranted when a plaintiff has "failed to 'present affirmative evidence' sufficient to show that a reasonable jury could return a verdict in his favor[.]" *Durant v. D.C. Gov't*, 875 F.3d 685, 690 (D.C. Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). And none of the findings and conclusions of the Report and Recommendation appear to be based on improper inferences, as Davis and Joy maintain. Rather, in this Court's view, and based on the evidence that the parties have adduced, this case fits comfortably within the line of authorities holding that summary judgment is appropriate where "no reasonable juror could find from th[e] record that" the defendant engaged in discrimination or retaliation or created a hostile work environment. *Chambers v. Burwell*, 824 F.3d 141, 145 (D.C. Cir. 2016); *see also, e.g.*, *Mount v. Johnson*, 174 F. Supp. 3d 553, 557 (D.D.C. 2016), *aff'd*, 664 F. App'x 11 (D.C. Cir. 2016); *Rochon v. Lynch*, 139 F. Supp. 3d 394, 396 (D.D.C. 2015), *aff'd*, 664 F. App'x 8 (D.C. Cir. 2016). And Davis's other objections are similarly unavailing.[6]

---

[6] Magistrate Judge Harvey correctly determined that Davis's Rule 56(d) motion failed at least the second *Convertino* factor, because Davis had an opportunity to request additional discovery concerning his non-selection files, but failed to do so. (*See* R&R at 30–31.) *See also Convertino*, 684 F.3d at 99– 100 (explaining that a Rule 56(d) movant "must explain why he could not produce the facts in

8

Thus, this Court will **ADOPT** Magistrate Judge Harvey's Report and Recommendation in its entirety. Moreover, and accordingly, the BEP's motions for summary judgment will be **GRANTED**, as set forth in the separate Order that accompanies this Memorandum Opinion.

DATE: June 22, 2021

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States Circuit Judge
Sitting By Designation

---

opposition to the motion for summary judgment" (internal quotation marks, citation, and alterations omitted)). Moreover, the BEP made clear that it was seeking summary judgment on *all* of Davis's claims, including those claims based on allegedly retaliatory actions. (*See, e.g.*, Def.'s Davis Mot. at 1, 5, 24, 36; *see also* R&R at 36 n.22.) In any event, Davis's summary judgment opposition brief specifically discussed the evidence supporting his retaliation and retaliatory hostile work environment claims (*see* Davis's Opp'n at 10–12), and Davis had an additional opportunity to address these claims in his objections to the Report and Recommendation (*see* Davis's Objs. at 5–7). Thus, it is apparent that Davis has been "given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted" on these claims. *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 53 n.10 (D.C. Cir. 1984) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 56(f).